

# IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

CRYSTAL JAMES BLAIR,
   Individually and as Mother and Next
   Friend of Franklin Moose, a minor
       PLAINTIFF,

VS.

Daniel A. Johnson, an individual,
and Don Kelly, an individual
dba Don Kelly Co.

       DEFENDANTS.

CASE NO. CV-05 185

**DEFENDANT'S EXHIBIT A**

## COMPLAINT

1.    The Plaintiff, Crystal James Blair is over the age of nineteen and resides in Covington County, Alabama along with Franklin Moose. She brings this suit on behalf of herself individually and as mother and next friend of Franklin Moose, a minor child.

2.    The Defendant Daniel A. Johnson is an individual over the age of nineteen, and at all times material and relevant to this complaint was an employee of Don Kelly. Johnson was further the operator of the vehicle involved in the accident alleged in this complaint acting within the line and scope of his employment for Don Kelly, owner of the truck.

3.    The Defendant, Don Kelly, is an individual doing business in Covington County, Alabama as Don Kelly Co. (Hereinafter referred to as "Don Kelly").

4.    The accident forming the basis of this complaint happened in Covington County, Alabama.

5.    The amount in controversy is over the minimum jurisdictional limits of this court.

## COUNT I — NEGLIGENCE

6.    All prior paragraphs are restated as if fully set out herein.

7.    On October 16, 2003, Daniel A. Johnson was employed by Don Kelly. At all times relevant herein, Daniel A. Johnson was acting within the line and scope of his employment.

8.    On or about October 16, 2003, at or near the intersection of West Bypass and River Falls Street in Andalusia, Alabama, the defendant, Daniel A. Johnson, driving a truck for and

1

owned by defendant Don Kelly, and in the course of his employment with Defendant, Don Kelly, negligently turned the large log tractor-trailer into the path of Crystal James Blair's vehicle to collide with her vehicle when he failed to yield the right of way.

9.    As a proximate result, Plaintiff Crystal James Blair was seriously and permanently injured in and about her neck, back, and body, and/or a pre-existing condition was aggravated resulting in Plaintiff incurring medical bills. As a result, Plaintiff will continue to incur such bills for her treatment in the future, has lost wages and will continue to lose wages in the future; has suffered and will continue to suffer much pain and mental anguish and has otherwise been permanently injured and damaged.

Wherefore, Plaintiff demands judgement against the Defendants Daniel A. Johnson and Don Kelly, jointly and severally, in such amount of compensatory damages as the evidence supports and a jury may award; and her costs of suit.

## COUNT II — WANTONNESS

10.   • All prior paragraphs are restated as if fully set out herein.

11.   On or about October 16, 2003, at or near the intersection of West Bypass and River Falls Street in Andalusia, Alabama, the defendant, Daniel A. Johnson, driving a truck for and owned by defendant Don Kelly, and in the course of his employment with Defendant, Don Kelly, wantonly turned the large log tractor-trailer into the path of Crystal James Blair's vehicle to collide with her vehicle when he failed to yield the right of way and/or wantonly failed to stop for a red traffic light and/or was wantonly driving at an unsafe speed and/or was wantonly violating other laws.

12.   As a proximate result, Plaintiff Crystal James Blair was seriously and permanently injured in and about her neck, back, and body, and/or a pre-existing condition was aggravated resulting in Plaintiff incurring medical bills. As a result, Plaintiff will continue to incur such bills for her treatment in the future, has lost wages and will continue to lose wages in the future; has suffered and will continue to suffer much pain and mental anguish and has otherwise been permanently injured and damaged.

Wherefore, Plaintiff demands judgement against the Defendants Daniel A. Johnson and Don Kelly, jointly and severally, in such amounts of compensatory damages and punitive damages as the evidence supports and a jury may award; and her costs of suit.

## COUNT III — NEGLIGENCE (MINOR CHILD)

13.   All prior paragraphs are restated as if fully set out herein.

14.   On or about October 16, 2003, at or near the intersection of West Bypass and River Falls Street in Andalusia, Alabama, the defendant, Daniel A. Johnson, driving a truck for and

owned by defendant Don Kelly, and in the course of his employment with Defendant, Don Kelly, negligently turned the large log tractor-trailer into the path of Crystal James Blair's vehicle to collide with her vehicle when he failed to yield the right of way.

15. As a proximate result, Franklin Moose, a minor child who was a passenger in Crystal James Blair's vehicle, was seriously and permanently injured in and about his head and body, and/or a pre-existing condition was aggravated resulting in Plaintiff incurring medical bills. As a result, Franklin Moose will continue to incur such bills for his treatment in the future, has lost future earning capacity; has suffered and will continue to suffer much pain and mental anguish and has otherwise been permanently injured and damaged.

Wherefore, Plaintiff demands judgement both individually and as mother and next friend of Franklin Moose, against the Defendants Daniel A. Johnson and Don Kelly, jointly and severally, in such amount of compensatory damages as the evidence supports and a jury may award; and her costs of suit.

## COUNT IV — WANTONNESS (MINOR CHILD)

16. All prior paragraphs are restated as if fully set out herein.

17. On or about October 16, 2003, at or near the intersection of West Bypass and River Falls Street in Andalusia, Alabama, the defendant, Daniel A. Johnson, driving a truck for and owned by defendant Don Kelly, and in the course of his employment with Defendant, Don Kelly, wantonly turned the large log tractor-trailer into the path of Crystal James Blair's vehicle to collide with her vehicle when he failed to yield the right of way and/or wantonly failed to stop for a red traffic light and/or was wantonly driving at an unsafe speed and/or was wantonly violating other laws.

18. As a proximate result, Franklin Moose, a minor child who was a passenger in Crystal James Blair's vehicle, was seriously and permanently injured in and about his head and body, and/or a pre-existing condition was aggravated resulting in Plaintiff incurring medical bills. As a result, Franklin Moose will continue to incur such bills for his treatment in the future, has lost future earning capacity; has suffered and will continue to suffer much pain and mental anguish and has otherwise been permanently injured and damaged.

Wherefore, Plaintiff demands judgement both individually and as mother and next friend of Franklin Moose, against the Defendants Daniel A. Johnson and Don Kelly, jointly and severally, in such amount of compensatory damages as the evidence supports and a jury may award, a separate amount for punitive damages; and her costs of suit.

## COUNT V - NEGLIGENT ENTRUSTMENT

19. All prior paragraphs are restated herein.

3

20. The owner of the truck, Don Kelly, knew or should have known that Daniel A. Johnson was a dangerous, unsafe, or otherwise incompetent driver and should not have entrusted the vehicle to him that was involved in this accident.

21. Don Kelly negligently entrusted the tractor-trailer to Daniel A. Johnson involved in this collision.

22. As a proximate result of said negligent entrustment, Plaintiff and her minor child suffered damages as set forth in paragraph 12 and 18 above.

Wherefore, Plaintiff demands judgement both individually and as mother and next friend of Franklin Moose, against the Defendant Don Kelly in such amount of compensatory damages as the evidence supports and a jury may award; and her costs of suit.

## COUNT VI - NEGLIGENT/WANTON HIRING, SUPERVISION, TRAINING, AND/OR RETENTION

23. All prior paragraphs are restated herein.

24. Either knowing or while he should have known that Daniel A. Johnson was an unsafe, dangerous, or otherwise incompetent tractor-trailer driver, Don Kelly negligently or wantonly hired, supervised, trained, and/or retained Daniel A. Johnson as an employee to drive a log truck.

25. Don Kelly knew or should have known that allowing Daniel A. Johnson to continue to drive a log truck would result in an accident that could cause injury.

26. As a proximate result, Plaintiff suffered damages as set forth in paragraph 12 and 18 above.

4

Wherefore, Plaintiff demands judgement both individually and as mother and next friend of Franklin Moose, against the Defendant Don Kelly in such amount of compensatory damages as the evidence supports and a jury may award; and her costs of suit.

Wesley L. Laird (LAI005)
**Attorney for Plaintiff**
**LAIRD, BAKER & BLACKSTOCK**
501 North Main Street
**Opp, Alabama 36467**
**(334) 493-9716**
**Fax 334-493-9715**

## JURY DEMAND

Plaintiff demands trial by jury on all issues of this cause.

Attorney for Plaintiff
**LAIRD, BAKER & BLACKSTOCK**

| STATE OF ALABAMA<br>UNIFIED JUDICIAL SYSTEM<br>FORM C-34 REV 6/88 | SUMMONS<br>- CIVIL - | CASE NUMBER<br>CV-2005- 185 |
|---|---|---|

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PLAINTIFF (CRYSTAL JAMES BLAIR    VS DEFENDANTS DANIEL A. JOHNSON, an individual & DON
                                                        KELLY, an individual, dba DON KELLY CO.

NOTICE TO DON KELLY, dba, DON KELLY CO. 8007 S. WEST 250th ST., NEWBERRY, FL 32567

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO
PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER,
EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF
YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S
ATTORNEY WESLEY L. LAIRD WHOSE ADDRESS IS 501 NORTH MAIN STREET, OPP, ALABAMA 36467 (334) 493-9716.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED
TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE
COMPLAINT.

by the Alabama Rules of Civil Procedure)
TO ANY SHERIFF OR ANY PERSON AUTHORIZED

[ ]    You are hereby commanded to serve this summons and a copy of the complaint in this action
       upon the defendant

[X]    Service by certified mail of this summons is initiated upon the written request of
       __Plaintiff__ pursuant to the Alabama Rules of Civil Procedure

Date _____          By: _____
                    Clerk/Register

[X]    Certified Mail is hereby requested.    _Carolyn D. Laird_
                                              Plaintiff's / Attorney's Signature

RETURN ON SERVICE:

[ ]    Return receipt of certified mail received in this office on _____ .
                                                              (Date)

[ ]    I certify that I personally delivered a copy of the Summons and complaint to _____
       _____ in _____ County,
       Alabama on _____
                        (Date)

Date _____          Server's Signature _____

Address of Server _____          Type of Process Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93 1/96 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not for Domestic Relations Cases) | Case Number CV05-185<br>□□ □□ □□□□□-□□<br><br>Date of Filing     Judge Code:<br>□□ □□ □□     □□□□□□ |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PLAINTIFF   CRYSTAL BLAIR, individually   VS. DEFENDANT DANIEL A. JOHNSON, individual,
And as mother and next friend   & DON KELLY, an individual, dba DON KELLY CO.
and of Franklin Moose, a minor

FIRST PLAINTIFF [ ] BUSINESS        [X] INDIVIDUAL   FIRST DEFENDANT   [ ] BUSINESS        [X] INDIVIDUAL
[ ] GOVERNMENT   [ ] OTHER   [ ] GOVERNMENT   [ ] OTHER

NATURE OF SUIT: In the column of boxes preceding the categories listed below, number the boxes (in order of priority; one= highest priority) that best describes or categorizes the basis or theory of your suit. You may number up to five case types.

TORTS PERSONAL INJURY
[ ] WDEA - Wrongful Death
[ ] TONG - Negligence: General
[ ] TOMV - Negligence: Motor Vehicle
[ ] TOWA   Wantonness
[ ] TOPL - Product Liability/AEMLD
[ ] TOMM - Malpractice - Medical
[ ] TOLM - Malpractice - Legal
[ ] TOOM - Malpractice - Other
[ ] TOXX - Other: _____
TORTS PROPERTY INJURY
[ ] TOPE - Personal Property
[ ] TORE - Real Property

[ ] RPRO - Real Property
[ ] ACCT - Account & Non-Mortgage
[ ] COXX - Contract: All other
[ ] CVRT - Civil Rights
[ ] WTEG - Wills/Trusts/Estates/Guardianships
[ ] EQND - Non-Damage Actions (Declaratory Judgment, Injunction)
[ ] MSHC - Habeas Corpus/Extraordinary Writ
[ ] ADPA - Admin Procedure Act
[ ] FELA - Railroad/Seaman (FELA)
[ ] COMP - Workmen's Compensation
[ ] COND - Condemnation (Fruits of Crime, Rt of Way, Aband Vehicle)
[ ] CVXX - Other:

ORIGIN (check one):   [X]  INITIAL FILING   A [ ]  APPEAL FROM   o [ ]  OTHER:
DISTRICT COURT
[ ]  REMANDED   [ ]  TRANSFERRED FROM
OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED? [X] YES   [ ] NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, ARCP, for procedure)

RELIEF REQUESTED:   $Unspecified Compensatory   $_____ General
$Unspecified Punitive   [ ] NO MONETARY AWARD REQUESTED

LAI-005     08-03-2005     _Wesley L. Laird_
ATTORNEY CODE   DATE   Signature of Attorney/Party filing this form

## DISPOSITION DATA (TO BE COMPLETED BY THE COURT)

DISPOSITION DATE:   ADMINISTRATIVE DOCKET:   TRIAL BEGUN NO VERDICT:   JUDGE TAKING FINAL ACTION:
_____   _____   _____   _____
MO/DAY/YEAR   MO/DAY/YEAR   MO/DAY/YEAR   JUDGE CODE

JUDGMENT FOR PLAINTIFF   JUDGMENT FOR DEFENDANT
Type:   Amount:   Type:   Amount:
F [ ] Default   $_____ Compensatory   F [ ] Default   $_____ Compensatory
A [ ] Consent   $_____ Punitive   A [ ] Consent   $_____ Punitive
M [ ] Summary $_____ General   M [   Summary   $_____ General
N [ ] Bench Trial   N [ ] Bench Trial
J [ ] Jury Trial   [ ] NO MONETARY AWARD   J [ ] Jury Trial   [ ] NO MONETARY AWARD
O [ ] Other:   O [ ] Other:

DISMISSALS   TRIAL BEGAN _____
R [ ] Dismissed With Prejudice
P [ ] Dismissed Without   TRIAL ENDED _____
S [ ] Prejudice
T [ ] Transferred to Other Circuit/Venue   NUMBER OF TRIAL DAYS: _____
[ ] Other: _____

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

CRYSTAL JAMES BLAIR,        *

        PLAINTIFF,        *

VS.        *  CASE NO. CV-05 _185_

        *

DANIEL A. JOHNSON, AN INDIVIDUAL, *
AND DON KELLY, AN INDIVIDUAL    *
D/B/A DON KELLY COMPANY    *

        *

        DEFENDANTS.      *

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT, DANIEL JOHNSON

**TO: DANIEL JOHNSON**

In accordance with all applicable rules governing civil procedure, you are required within the time allowed by the Alabama Rules of Civil to answer under oath and in writing the following interrogatories and, as additional information may be received, to supplement your answer as required by law.

NOTE: When used in these interrogatories and request for production, the terms "you" and "your" are intended to and shall embrace and include, in addition to you, the named party to whom they are directed, your attorney, the party or parties for whom you are suing, and any and all agents, employees, representatives, private investigators, and others who are in possession of, or may have obtained, information for or on your behalf.

Pursuant to Ala.R.Civ.P. 33, PLAINTIFF requests Defendant Daniel Johnson to answer separately and fully the following consolidated interrogatories and respond to the following

1

requests for production in writing and under oath within the time required by said Rule after
service hereof:

INTERROGATORY NO. 1: List the names, addresses, telephone numbers, and place of
employment of all persons who are believed or known by you, your agents, or your attorneys to
have any knowledge concerning any of the issues in this lawsuit and specify the subject matter
about which the witness has knowledge. Be aware that Ala.R.Civ.P. Rule 26(c)(1) places you
under a continuing obligation to supplement the response to this interrogatory.

INTERROGATORY NO. 2: Do you intend to call any expert witnesses at the trial of this case?
If so, state as to each such witness the name and business address of the witness, the witness'
qualifications as an expert, the subject matter upon which the witness is expected to testify, the
substance of the facts and opinions to which the witness is expected to testify, and a summary of
the grounds for each opinion. Be aware that Ala.R.Civ.P. Rule 26(e)(1) places you under a
continuing obligation to supplement the response to this interrogatory.

INTERROGATORY NO. 3: Please list each and every person you know to be a witness to the
occurrence alleged in the Complaint or that could be a witness in your defense, giving the name,
address, telephone number, age, and place of employment, if known, of each.

INTERROGATORY NO. 4: Has this defendant been properly named in this suit? If not, please
state the complete legal name of this defendant, the name of the registered agent for service of

2

process, and the legal address of this defendant for service of process.

INTERROGATORY NO. 5: Has this defendant recorded any statements in connection with this claim? If so, please provide a copy of the same.

INTERROGATORY NO. 8: Attach a certified copy of all policies insuring Daniel Johnson on October 16, 2003 that may provide coverage for this accident, including umbrella insurance.

INTERROGATORY NO. 9: Please state your name, physical address, Social Security Number, Driver's License Number, place of current employment, and occupation, and attach a copy of your driver's license and CDL.

INTERROGATORY NO. 10: List each and every traffic citation, misdemeanor offense, or felony offense you were aware that you had been charged with prior to the events complained of herein, stating, if known:

        (a)    The particular offense.

        (b)    The county and particular location it occurred.

        (c)    The disposition.

        (d)    The date of said offense.

INTERROGATORY NO. 11: Attach a copy of any blood alcohol test or drug screening, including all medical records associated therewith and the results thereof, you have taken as a result of this accident or at any other time.

INTERROGATORY NO. 12: Attach a copy of any photographs or drawings of the accident scene or vehicles involved in the accident complained of.

INTERROGATORY NO. 14: Were you the operator of a motor vehicle involved in the collision alleged in the complaint?

INTERROGATORY NO. 15: If the answer to the preceding question is in the affirmative, please describe in full detail how the occurrence as alleged by the plaintiff happened, giving all events in detail in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence.

INTERROGATORY NO. 16: Did you have permission from the owner of the vehicle involved in the complaint to operate said vehicle?

INTERROGATORY NO. 17: Please attach a copy of any reports you received or filled out or have in your possession or control with regard to the accident described in the complaint, including, but not limited to, accident reports, medical reports, vehicle damage reports, SR-13 Forms, and claim forms for your employer.

4

INTERROGATORY NO. 18: Give a complete history of your employment, including the dates worked, the place worked, with address, the name of your immediate supervisor in each job, and the nature of your job.

INTERROGATORY NO. 19 : Please state each and every automobile accident you have ever been involved in, including the date and place it occurred.

INTERROGATORY NO. 20: At the time of the alleged occurrence, had you ever had your motor vehicle driver's license revoked, suspended, or withdrawn by the licensing authorities? If so, please state by what authority and the reason for the revocation or suspension.

INTERROGATORY NO. 21: Please describe as fully as possible the weather and road conditions at the time and location of the alleged occurrence, setting forth conditions of light, precipitation, and temperature.

INTERROGATORY NO. 22: Did you have any physical or mental limitations that would have in any way impaired your ability to drive at the time of the events listed in the complaint?

INTERROGATORY NO. 23. Do you wear or have you ever worn glasses, contact lenses, or hearing aids?

INTERROGATORY NO. 24: Were you taking any drugs or medication at the time of the

5

events giving rise to this cause of action including prescription or over-the-counter drugs?

INTERROGATORY NO. 25. List the name and address of every physician, doctor, hospital, eye doctor, or chiropractor you have visited as a patient in the past five years.

INTERROGATORY NO. 26. State the point of origin of said truck on the day of the accident complained of herein, whether or not you know of any stops it made between the point of origin, the purpose of the trip, the nature and weight of its cargo, its destination, and the purchaser of said cargo on the day of the accident referred to in the Complaint.

INTERROGATORY NO. 27: State whether or not your employer took any disciplinary action against you as a result of this accident.

INTERROGATORY NO. 28: State the approximate date and location of any courses you have taken for driving, including the name and address of the sponsor. Attach a copy of any materials you received in said courses.

INTERROGATORY NO. 29: Attach a copy of any Standard Operating Procedure manuals, training manuals, videotapes, memos, employer manuals, or other materials provided to you by your employer.

Wesley L. Laird (LAI005)

6



# IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

CRYSTAL JAMES BLAIR,          *

                  *

       PLAINTIFF,         *

                  *

VS.                  *   CASE NO. CV-05 _185_

                  *

DANIEL A. JOHNSON, AN INDIVIDUAL, *

AND DON KELLY, AN INDIVIDUAL dba *

DON KELLY CO.           *

                  *

                  *

       DEFENDANTS.       *

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT, DON KELLY

TO:  DON KELLY DBA DON KELLY CO.

In accordance with all applicable rules governing civil procedure, you are required within the time allowed by the Alabama Rules of Civil to answer under oath and in writing the following interrogatories and, as additional information may be received, to supplement your answer as required by law.

     NOTE:     When used in these interrogatories and request for production, the terms "you" and "your" are intended to and shall embrace and include, in addition to you, the named party to whom they are directed, your attorney, the party or parties for whom you are suing, and any and all agents, employees, representatives, private investigators, and others who are in possession of, or may have obtained, information for or on your behalf.

     Pursuant to Ala.R.Civ.P. 33, PLAINTIFF requests Defendant Don Kelly to answer separately and fully the following consolidated interrogatories and respond to the following

1

Attorney for Plaintiff
**LAIRD, BAKER, & BLACKSTOCK, LLC**
501 North Main Street
Opp, AL 36467
(334) 493-9716

## SERVED WITH SUMMONS AND COMPLAINT

7

requests for production in writing and under oath within the time required by said Rule after
service hereof:

INTERROGATORY NO. 1: List the names, addresses, telephone numbers, and place of
employment of all persons who are believed or known by you, your agents, or your attorneys to
have any knowledge concerning any of the issues in this lawsuit and specify the subject matter
about which the witness has knowledge. Be aware that Ala.R.Civ.P. Rule 26(e)(1) places you
under a continuing obligation to supplement the response to this interrogatory.

INTERROGATORY NO. 2: Do you intend to call any expert witnesses at the trial of this case?
If so, state as to each such witness the name and business address of the witness, the witness'
qualifications as an expert, the subject matter upon which the witness is expected to testify, the
substance of the facts and opinions to which the witness is expected to testify, and a summary of
the grounds for each opinion. Be aware that Ala.R.Civ.P. Rule 26(e)(1) places you under a
continuing obligation to supplement the response to this interrogatory.

INTERROGATORY NO. 3: Please list each and every person you know to be a witness to the
occurrence alleged in the Complaint or that could be a witness in your defense, giving the name,
address, telephone number, age, and place of employment, if known, of each.

INTERROGATORY NO. 4: Has this defendant been properly named in this suit? If not, please
state the complete legal name of this defendant, the name of the registered agent for service of
process, and the legal address of this defendant for service of process.

2

INTERROGATORY NO. 5: Has this defendant recorded any statements in connection with this claim? If so, please provide a copy of the same.

INTERROGATORY NO. 6: Attach a complete copy of the claims file related to the accident made the basis of this suit.

INTERROGATORY NO. 7: Attach a copy of the application for insurance for the policy made the basis of this suit.

INTERROGATORY NO. 8: Attach a certified copy of all policies insuring Daniel Johnson on October 16, 2003.

INTERROGATORY NO. 9: Please state your name, physical address, Social Security Number, Driver's License Number, place of current employment, and occupation.

INTERROGATORY NO. 10: List each and every traffic citation, misdemeanor offense, or felony offense you were aware that Daniel Johnson had been charged with prior to the events complained of herein, stating, if known:

        (a)    The particular offense.

        (b)    The county and particular location it occurred.

        (c)    The disposition.

(d)    The date of said offense.

INTERROGATORY NO. 11: Attach a copy of any blood alcohol test or drug screening, including all medical records associated therewith and the results thereof, taken by Daniel Johnson as a result of this accident or at any other time.

INTERROGATORY NO. 12: Please attach a copy of any photographs or drawings of the accident scene or vehicles involved in the accident complained of.

INTERROGATORY NO. 13: Who were the title owners of the vehicle you were operating at the time the accident made the basis of this suit occurred? Please state who purchased and paid for said vehicle and whether or not said vehicle was financed at the time of purchase and at the time of the accident. If said vehicle was financed at any time, state the name and address of the lender.

INTERROGATORY NO. 14: Please attach a copy of the driver log for the driver of the truck involved in this accident for the last ten years, if available, and if not available, for the period of time available.

INTERROGATORY NO. 15: Please attach a copy of the DERM from the tractor involved in this accident.

4

INTERROGATORY NO. 16: Please attach a copy of the driver logs for all drivers for your company for a period of at least sixty (60) days preceding October 17, 2003.

INTERROGATORY NO. 17: Please attach a copy of all DOT violations or citations, safety violations, and traffic citations, both Federal and State, for all drivers and trucks for a period beginning three (3) years prior to October 16, 2003.

INTERROGATORY NO. 18: Please attach a copy of all notes, correspondence, e-mails, computer records, payroll records, letters, memos, personnel records, and other written or electronic materials pertaining in any way to the driver involved in the accident October 17, 2003.

INTERROGATORY NO. 19: Please attach a copy of the driver's application for employment.

INTERROGATORY NO. 20: Please attach a copy of the investigation and inquiry into the driver's qualification and all responses.

INTERROGATORY NO. 21: Please attach a copy of the Annual Review of the driver's driving record.

INTERROGATORY NO. 22: Please attach a copy of the driver's CDL road test.

INTERROGATORY NO. 23: Please attach a copy of the driver's CDL written exam.

INTERROGATORY NO. 24: Please attach a copy of the medical examiner's certificate of physical qualifications on the driver.

INTERROGATORY NO. 25: Please attach a copy of the notification of this accident as well as a copy of the notification for all accidents by all truck drivers for your company.

INTERROGATORY NO. 26: Please attach a copy of inspection, repair, service, and maintenance records for the truck involved.

INTERROGATORY NO. 27: Please attach a copy of all driver manuals.

INTERROGATORY NO. 28: Please attach a copy of information regarding payment schedule of company driver.

INTERROGATORY NO. 29: Please attach a copy of all gas receipts, charge card receipts, hotel receipts, restaurant receipts of the driver for the previous year.

INTERROGATORY NO. 29: Please attach a copy of employment records of all drivers for your company.

6

INTERROGATORY NO. 30: Please attach a copy of all employment records of all previous drivers to the extent currently available.

INTERROGATORY NO. 31: Please attach a copy of all safety literature from your insurance carrier.

INTERROGATORY NO. 32: Please attach a copy of all inspection reports by your insurance carrier.

INTERROGATORY NO. 33: Please attach a copy of all complaints phoned into your company by other motorists.

INTERROGATORY NO. 34: Please attach a copy of all bills of lading for any shipper's goods which were transported by the driver on the day of the accident.

INTERROGATORY NO. 35: Please attach a copy of the Form MCS 50-B.

INTERROGATORY NO. 36: Please attach a copy of all inspection or pre-inspection reports or records pertaining to the subject truck and trailer.

INTERROGATORY NO. 37: Please attach a copy of all "thirty-day inspection reports" for the subject vehicle.

7

INTERROGATORY NO. 38: Please attach a copy of all safety literature, rules and regulations, safety programs, safety manuals or tapes, or other written documents pertaining to safety provided to employees by your company.

INTERROGATORY NO. 39: Attach a copy of Daniel Johnson's payroll records and time sheets for a period of sixty (60) days leading up to October 16, 2003.

Wesley L. Laird (LA1005)
Attorney for Plaintiff
**LAIRD, BAKER, & BLACKSTOCK, LLC**
501 North Main Street
Opp, AL 36467
(334) 493-9716

**SERVED WITH SUMMONS AND COMPLAINT**

8