IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CRYSTAL JAMES BLAIR, Individually and as Mother and Next Friend of Franklin Moose, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL A. JOHNSON, an individual, and DON KELLY, an individual d/b/a DON KELLY CO.,<br><br>Defendants. | Civil Action No. 2:05cv944-F<br>(Covington County Case No. CV-05-185) |

## ANSWER

COME NOW, Defendants, Daniel A. Johnson and Don Kelly, an individual d/b/a Don Kelly Co., and in answer to Plaintiffs' Complaint, states as follows:

1. These defendants are without sufficient information to admit or deny the allegation contained in this paragraph of the plaintiff's complaint.

2. Admitted.

3. These defendants are without sufficient information to admit or deny the allegation contained in this paragraph of the plaintiff's complaint.

4. Upon the information and belief, admitted.

5. Upon the information and belief, admitted.

**COUNT ONE- NEGLIGENCE**

6. These Defendants re-allege and incorporates by reference the foregoing admissions and denials as set forth fully herein and further avers as

follows:

7. Admitted

8. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

9. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

## COUNT TWO - WANTONNESS

10. These Defendants re-allege and incorporates by reference the foregoing admissions and denials as set forth fully herein and further avers as follows:

11. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

12. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

## COUNT III - NEGLIGENCE (MINOR CHILD)

13. These Defendants re-allege and incorporates by reference the foregoing admissions and denials as set forth fully herein and further avers as follows:

14. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

15. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

## COUNT IV - WANTONNESS (MINOR CHILD)

16. These Defendants re-allege and incorporates by reference the foregoing admissions and denials as set forth fully herein and further avers as follows:

17. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

18. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

## COUNT V - NEGLIGENT ENTRUSTMENT

19. These Defendants re-allege and incorporates by reference the foregoing admissions and denials as set forth fully herein and further avers as follows:

20. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

21. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

22. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

## COUNT VI - NEGLIGENT/WANTON HIRING, SUPERVISION, TRAINING, AND/OR RETENTION

23. These Defendants re-allege and incorporates by reference the foregoing admissions and denials as set forth fully herein and further avers as follows:

24. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

25. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

26. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state grounds upon which relief can be granted.

2. The Defendants plead the general issue and "not guilty."

3. The Defendants state that the Plaintiff was himself guilty of negligence on the date of the accident made the basis of his Complaint, and that such negligence proximately caused or contributed to cause the damages claimed and that any recovery is therefore barred.

4. The Defendants deny that the Plaintiff was injured to the degree and extent claimed in the Complaint, and demands strict proof thereof.

5. The Defendants state there existed an intervening cause which was the proximate cause of this accident, and proximately caused, or contributed to cause, the Plaintiff's alleged injuries.

6. The Defendants state that there existed a sudden emergency, not of his own making, and that such emergency was the proximate cause of this accident.

7. The Defendants state that no act or omission on their part was the proximate cause of Plaintiff's damages, and that no act or omission on his part contributed to cause Plaintiff's damages, as alleged, and demand strict proof thereof.

9. The Defendants state that this accident was in fact caused by the negligence of the Plaintiff in failing to keep a proper look out, for failing to signal, failing to yield the right of way, and failing to operate his motor vehicle in a reasonably safe and prudent manner.

10. The Defendants deny acting in a wanton, reckless, or intentional manner, on the date complained of, so as to justify any aware of punitive damages to the Plaintiff, and demands strict proof of the same.

11. The Defendants state that the Plaintiff violated one or more of the rules of the road of the State of Alabama, and such violation proximately caused or contributed to cause the injuries complained of in the Plaintiff's Complaint.

12. The Defendants state this action is barred by operation of the statute of limitations applicable to this type of action, and pleads the same.

14. Pursuant to *Code of Alabama* (1975), as amended, §6-11-21, any award of punitive damages in this case shall not exceed $250,000.

15. The damages complained of by the Plaintiff was caused or contributed to by his own negligence, and thus, the Plaintiff ought not recover from this Defendant.

16. The award of punitive damages to Plaintiff violates the Fourth, Fifth,

Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

    a.    it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c.    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    d.    the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    e.    the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    f.    the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

    g.    the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

17. Plaintiff's attempt to impose punitive or extra contractual damages on Defendant, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

18. The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

19. The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

    a. it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b. the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

    c. the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    d. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

    e. the award of punitive damages in this case constitutes a deprivation of property without due process of law.

20. The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

21. The award of punitive damages to the Plaintiff in this action violates

the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

22. The imposition of punitive damages in this case for alleged misconduct toward persons other than the plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

23. The imposition of punitive damages in this case would violate the Taking Clause of the Fifth Amendment to the United States Constitution.

24. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective, and permit, retroactive, random, arbitrary, excessive, capricious and disproportionate punishment that serves no legitimate governmental interest.

25. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

26. The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States

Constitution.

27. Any award of punitive damages in this case is subject to scrutiny under the factors set forth in both the United States Supreme Court case of *BMW of North America v. Gore*, 116 S.Ct. 1589 (1996); and in the Alabama Supreme Court case of *BMW v. Gore*, No. 1920324 (Ala. S. Ct. May 9, 1997) (opinion after remand from U.S. Supreme Court).

28. Any jury making an award of punitive damages in this case must consider the factors set forth in *Gore*, supra, in assessing constitutional punitive damages.

29. Any award of punitive damages in this case would be unconstitutional under Gore, supra, as defendant received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

30. To permit the imposition of punitive damages against the defendant on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate defendant's right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and under Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

31. To permit the imposition of punitive damages against the defendant

on a joint and several basis would violate defendant's rights under the Eighth Amendment to the Constitution of the United States and Article I, Section 15 of the Constitution of Alabama in that the award imposes an excessive fine against joint tortfeasors without any consideration of being allowed to be given by the jury to the degree of culpability of each defendant, if any.

32.   These defendants plead that any award of punitive damages is subject to the limitations set forth in Ala. Code (1975) § 6-11-21.

33.   To the extent the jury awards future damages, the award must conform with *Alabama Code* §6-11-3. In *Vaughn v. Oliver,* 2001 WL 1143713 (Ala.), the Supreme Court recently instructed a trial court to amend a judgment to conform with Alabama Code §6-5-543(b), which is substantially similar to §6-11-3. Because the Alabama Supreme Court has enforced §6-5-543(b), this Court should overrule *Clark v. Container Corp. Of America, Inc.,* 589 So. 2d 184 (Ala. 1991) and apply §6-11-3.

34.   These defendants aver that Plaintiffs are not entitled to a jury trial on the question of punitive damages. *Cooper Industries v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001) held that the amount of punitive damages "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated. The court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The court cited the Eighth

Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments. It said that such punishments should be determined by courts as a mater of law, rather than by juries as a matter of fact. Thus, the plaintiffs in a civil case do/does not have a right to a jury trial with respect to punitive damages.

35. Punitive damages may not be awarded in any civil action unless it is proven by clear and convincing evidence that the Defendant consciously or deliberately engaged in oppression or fraud, or acted with wantonness or malice with regard to the Plaintiffs. Pursuant to Code of Alabama 1975 § 6-11-21(a) punitive damages may not exceed three (3) times the compensatory damages or $500,000, whichever is greater. Pursuant to Code of Alabama 1975 §6-11-21(b)(c) punitive damages assessed against a small business, whose net worth is less than $2 million at the time of the occurrence made the basis of the lawsuit, may not exceed $50,000 or 10% of the net worth of the business, whichever is greater.

36. Pursuant to Code of Alabama 1975 § 6-11-21 (d) punitive damages for physical injury shall not exceed three (3) times the compensatory damages or $1.5 million, whichever is greater. Pursuant to Code of Alabama 1975 § 6-11-21 (e) no defendant shall be liable for any punitive damages unless the defendant has been expressly found by the trier of fact to have engaged in conduct as described in Code of Alabama 1975 § 6-11-20 warranting punitive damages, and such defendant shall only be liable for punitive damages commiserate with that defendant's own conduct.

37. The awarding of discretionary, compensatory damages for physical pain and mental suffering on behalf of a Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

> According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for physical pain and mental suffering. The amount of damages for such a claim is left to the sound discretion of the jury with no specific, much less objective, standards for the award. Therefore, the procedure pursuant to which compensatory damages for physical pain and mental suffering are awarded violate the Constitution for the following reasons:
>
> a. It fails to provide a reasonable limit on the amount of the award against a Defendant which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.
>
> b. It fails to provide specific standards for the amount of the award of compensation which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.
>
> c. It results in the imposition of different compensation for the same or similar acts, and thus violates the equal protection clause of the United States Constitution.
>
> d. It constitutes deprivation of property without due process of law.

38. The awarding of discretionary, compensatory damages for physical pain and mental suffering on behalf of a Plaintiff violates the Due Process Clause, Article I, Section 6 of the Constitution of the State of Alabama on the following grounds:

    a.    It fails to provide a reasonable limit on the amount of the award against a Defendant which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

    b.    It fails to provide specific standards for the amount of the award of compensation.

    c.    It results in the imposition of different compensation for the same or similar acts.

    d.    It constitutes deprivation of property without due process of law.

39.    Defendants reserve the right to amend this Answer as discovery in this matter continues.

Respectfully submitted,

*[signature]*

KENNETH A. HITSON, JR. (HITK9097)
MICHAEL ANTHONY SHAW (SHAM3536)
RICK A. HOWARD (HOWR9513)
*Attorneys for Defendants, Daniel A. Johnson, an individual, and Don Kelly, an individual d/b/a Don Kelly Co.*

**OF COUNSEL:**

*NIX HOLTSFORD GILLILAND*
    *HIGGINS & HITSON, P.C.*
29000 U.S. Highway 98
Suite A-302
Daphne, Alabama 36526
(251)447-0234

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 4th day of October, 2005, mailed, postage prepaid, an exact copy of the foregoing document to:

Wesley L. Laird, Esq.
LAIRD, BAKER & BLACKSTOCK
501 North Main Street
Opp, Alabama 36467

_____
OF COUNSEL